IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| JOHN MATTHEW COCKRELL | § | |
| --- | --- | --- |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14CV175 |
| | § | CRIMINAL NO. 4:07CR42(1) |
| UNITED STATES OF AMERICA | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge (the "Report") (Civ. Dkt. 26),[1] which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report recommends that the above-styled Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) be denied and the case dismissed with prejudice. Petitioner has filed written objections (Civ. Dkt. 30). Having made a *de novo* review of the objections, the court concludes that the findings, conclusions, and recommendation of the Magistrate Judge are correct.

I.  **The Magistrate Judge Did Not Err When Relying on Both the Trial Record and Undisputed Factual Findings from the Fifth Circuit to Establish the Factual Background of the Case**

Movant objects, first, to the Magistrate Judge's citation of the Fifth Circuit's factual findings on direct appeal, arguing that it was improper for the Magistrate Judge to rely solely on the Fifth Circuit's findings to establish the factual background for her Report. *See* Civ. Dkt. 30 at 2-3. The court finds it readily apparent from the Report that the Magistrate Judge considered and cited relevant portions of the trial record in her resolution of each of Movant's substantive claims.

---

[1] When referencing the docket, the court will designate references to the Civil Action No. 4:14CV175 as "Civ." and Criminal No. 4:07CR42(1) as "Crim."

1

*See* Civ. Dkt. 26 at 8, 10, 11. Moreover, the portion of the Fifth Circuit opinion cited in the Report sets forth a narrative account of the facts related to the underlying criminal investigation, trial testimony, and ambulance records introduced at trial. *See* Civ. Dkt. 26 at 2 (citing *United States v. Cockrell*, 587 F.3d 674, 677 (5th Cir. 2009)). The Government set forth a substantially similar, albeit more detailed, version of these facts in its response to the § 2255 motion. *See* Civ. Dkt. 16 at 2-4. Movant has conceded that this recitation of the facts of the case is accurate. *See* Civ. Dkt. 21 at 3 ("The AUSA correctly sets out most of the underlying criminal proceedings as to Petitioner's charging and trial proceedings."). The court, therefore, finds Movant's objection to this version of the facts of the case without merit.

## II. Movant's Allegations of Conflict of Interest and Violation of Attorney-Client Privilege are Entirely Speculative and Do Not Support His Ineffective Assistance Claim

Next, Movant objects to the Magistrate Judge's determination that his trial counsel did not render ineffective assistance when cross-examining Government witness, Jonathan Kollman. Kollman was represented by Thomas G. Pappas, whose partner, Michael P. Gibson, purportedly represented Movant in an earlier, unrelated criminal matter. *See* Civ. Dkt. 21 at 12. Movant claims Pappas also appeared on Movant's behalf "at a minimum of one court appearance" in the earlier proceedings. *See id.* According to Movant, this earlier representation created a conflict of interest and a violation of the attorney-client privilege, which prejudiced Movant at trial. *See* Civ. Dkt. 30 at 3-5. Movant claims that trial counsel should have further cross-examined Kollman as to the nature of his representation by Pappas or otherwise raised the issues of conflict of interest and attorney-client privilege at trial. *See* Civ. Dkt. 1 at 4; Civ. Dkt. 21 at 12-14; Civ. Dkt. 30 at 5.

Movant has made no factual allegations and offered no evidence to support the conclusion that the earlier criminal matter was in any way related to the events underlying his conviction in

the current case. That the earlier criminal case purportedly involved "a drug charge . . . in a different jurisdiction" is not enough to establish that the earlier matter was substantially related to the present one. Civ. Dkt. 30 at 5. Movant has also failed to show that either Pappas or Gibson appeared in the present case adverse to him or represented a party with interests adverse to his own. Thus, Movant has made only conclusory allegations of a conflict of interest.

Similarly, Movant has offered only speculation that knowledge Pappas and Gibson could have acquired during the earlier representation was somehow beneficial to Pappas' client Kollman. Movant has insinuated that Kollman could have used information related to the earlier criminal matter to glean favor from the Government in the current, albeit unrelated, case. And, without so much as one factual allegation, Movant has conjectured that Pappas violated the rules of professional conduct and suborned perjury by "coach[ing Kollman] on the manner and means of the defendant against which he was testifying . . ." and "ask[ing] suggestive questions to help the witness 'remember' facts that are not necessarily the true set of facts." Civ. Dkt. 21 at 12. These purely speculative arguments are not well taken and, as the Magistrate Judge concluded, do not sustain a constitutional claim on collateral review. *See Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001); *United States v. Johnson*, 679 F.2d 54, 58-59 (5th Cir. 1982).

### III. Movant's Complaint that Defense Counsel Did Not Engage Medical Experts or Obtain a Toxicology Report Does Not Raise a Constitutional Claim

In his final objection, Movant raises two arguments. First, he argues the only way the Government could bear its burden of proving causation was by presenting toxicology reports and expert witnesses identifying heroin as the only drug in the victims' systems in injury-causing quantities at the time of their overdoses. He contends that since no such evidence was presented, the Government failed to carry its burden of proof. The court construes this argument as a challenge to the sufficiency of the evidence supporting his conviction. Because Movant failed to

raise this insufficient evidence claim on direct appeal, it is only subject to the court's federal habeas review upon a showing of cause for the procedural default and actual prejudice. *See Engle v. Isaac*, 102 S. Ct. 1558, 1572-73 (1982). Movant has made no such showing and, moreover, his claim lacks merit.

Movant was charged with conspiracy to possess with intent to distribute heroin, resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841 and 846. *See* Crim. Dkt. 887. To obtain a conviction on the "serious bodily injury" penalty enhancement provision pursuant to 21 U.S.C. § 841(b)(1)(C), the Government bore the burden of proving that heroin supplied by Movant was an independently sufficient or "but-for" cause of the victims' serious bodily injury—here, the victims' overdoses and related injuries. *See Burrage v. United States*, 134 S. Ct. 881, 892 (2014).

In some cases involving drug overdose, establishing but-for causation might, as Movant suggests, require the Government to employ toxicology reports and experts to interpret them. For example, in cases where the victim dies or sustains serious injury after ingesting multiple drugs, medical testing, reports, or expert opinion might be necessary to establish that the victim's death or injury resulted from one drug as opposed to another. *See, e.g., id*. (where evidence established that victim died following an extended drug binge that lasted approximately twenty-four (24) hours and involved ingestion of multiple narcotics, expert testimony was necessary to determine which drug or drugs caused death and the likelihood that each drug contributed to death); *U.S. v. Ford*, 750 F.3d 952, 954-55 (8th Cir. 2014) (where evidence established the victim died from polydrug toxicity, evidence that the mixture of heroin defendant distributed to the victim was merely a contributing factor, with methamphetamine being the major contributing drug, was not sufficient to establish that distribution of the mixture of heroin was the but-for cause of victim's death); *United States v. Houston*, 406 F.3d 1121, 1125-26 (9th Circuit 2005) (sufficient evidence

supported defendant's conviction under § 841(b)(1)(C) for distribution of methadone resulting in death where testimony of medical examiner established that victim, who had multiple illicit substances in her system at time of death, died specifically from methadone toxicity). Moreover, where tests and reports are inconclusive, such that a jury might reasonably conclude the victim died or was injured as a result of ingesting multiple narcotics, including the one distributed by the defendant, a defendant may not be convicted under the penalty enhancement provision of § 841(b)(1)(C). *See Burrage*, 134 S.Ct. at 892; *Ford*, 750 F.3d at 955.

However, there is no bright-line rule requiring toxicology reports or expert testimony to prove but-for causation in every case that involves drug overdose. Where the evidence clearly establishes the victim's death or serious injury results solely from ingestion of the drug supplied by the defendant, toxicology reports and expert testimony, while persuasive, are not necessary.

As the Magistrate Judge observed:

> In this case, the record shows that [the two victims] Baca and Schubert, each fell unconscious almost immediately after injecting heroin purchased from Cockrell. There was no significant time lapse which might have attenuated the effects of the heroin on the user. And the medical personnel who treated Baca and Schubert following their overdoses testified that the overdoses could be attributed solely to the effects of heroin. *See* Trial Transcript 474-75, 486-87; *see also* Reply at 16.

Civ. Dkt. 26 at 10. Thus, unlike in *Burrage*, where the evidence proved the victim was under the influence of multiple drugs, ingested over a period of many hours before his overdose, here the evidence suggested only one injury-causing instrumentality—the heroin supplied by Movant and ingested by the victims immediately before their overdoses. Accordingly, Movant's claim that the Government was required to present additional evidence to make the causal link lacks merit.

Movant also renews his argument that in order to render effective assistance under the two-prong standard in *Strickland v. Washington*, 466 U.S. 668 (1984), defense counsel was required to counter the Government's evidence with medical expert testimony and reports favorable to the

defense. He claims that he was prejudiced by counsel's failure to do so and objects to the Magistrate Judge's contrary conclusion.

In analyzing Movant's claim, the Magistrate Judge correctly explained:

> Complaints of uncalled witnesses are disfavored in federal habeas corpus review because allegations of what the witness would have testified to is speculative. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). For Cockrell to show the requisite *Strickland* prejudice, he would have to show that not only that the testimony of the prospective witness be favorable but that the witness would have testified. *Id.* (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

Civ. Dkt. 26 at 9. A petitioner's "conclusional statements about that which someone else might have said" are not sufficient to establish prejudice. *Adams v. Quarterman*, 324 F. App'x 340, 350 (5th Cir. 2009). However, "[w]hen a petitioner comes forward with affidavits from those non-testifying witnesses attesting under oath as to (1) what they would have said at trial and (2) that in fact they would have testified at trial if they had been asked, we are chary to reject the uncalled witnesses' statements." *Id.*

To date, Movant has provided no affidavits of prospective expert witnesses or any other factual indication that an expert witness would have testified at trial favorably to the defense. Nor has he established that a toxicology report commissioned by defense counsel would have revealed a substance present in the victims' systems in injury-causing quantities other than the heroin he supplied. Movant's conclusory allegations regarding the victims' multi-drug use and the availability of favorable experts is not sufficient to establish prejudice under *Strickland*. Thus, his ineffective assistance claim fails.

In light of the foregoing, it is **ORDERED** that Movant's objections (Civ. Dkt. 30) are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation (Civ. Dkt. 26) is **ADOPTED**.

It is further **ORDERED** that the above-styled Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) is **DENIED** and that the case is hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

**SIGNED this the 22nd day of March, 2017.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE